## THOMAS VS. STEELE.

*Attorney-at-law : his authority to appear in an action presumed.—Evidence of a conversion.*

1. Where an attorney-at-law appears in court in behalf of a party to an action, if his authority to do so is denied by the opposite party, the burden of proof is upon the party denying.

2. The fact that wood belonging to A, and in his possession on a certain day, was two days afterwards found in the unexplained possession of B, in his yard, *held* sufficient to sustain a finding that it was converted by B.

APPEAL from the Circuit Court for *Walworth* County.

This action was commenced February 11th, 1867, in justice's court, for the wrongful taking and conversion by defendant of plaintiff's wood.

Murphy & Cravath, attorneys-at-law, appeared for the plaintiff, and Page & Montague for defendant, and Mr. Cravath made oath that he was authorized by plaintiff to commence the suit. After the pleadings had been made, the cause was adjourned to Feburary 25th. One Stebbins was examined as a witness for the plaintiff. The substance of his testimony as to the ownership and possession of the wood is stated in the opinion. It appeared that plaintiff went away on the morning of the 9th of Febuary, leaving the witness in charge of the wood, with directions to sell it, and that he had not returned. On his cross-examination, the witness testified (against objection) that he commenced this suit, and that plaintiff did not authorize him to commence or prosecute it. On re-direct examination, he testified that what he meant by saying he commenced the suit was, that he "came and got the summons by direction of plaintiff's counsel." On cross-examination, he said: "It was about the 11th inst. that I stated the case to the counsel. They told me to go and get the summons." *Question :*

"How did Murphy & Cravath know anything about this wood." Objection overruled. *Answer:* "I told them about the wood, the talk I had with *Steele,* and what plaintiff directed me to do with the wood."

The justice, on defendant's motion, then dismissed the suit, on the ground that no authority had been shown from the plaintiff for commencing it. On appeal to the circuit court from the justice's judgment, it was reversed, and judgment rendered in plaintiff's favor; from which the defendant appealed.

*Page & Montague,* for appellant, argued that on an appeal by a plaintiff from a nonsuit, defendant may rely on any fact that appears in the case showing that the action was not maintainable. *Newcomb v. Clark,* 1 Denio, 226; 4 Hill, 276; 34 Barb., 358. 2. There was no proof of a wrongful conversion by defendant; no evidence of any interference, or control, or claim of title on his part. 2 Hilliard on Torts, 244–46; 19 Conn., 319; 15 Johns., 431. For aught that appears, the wood was legally in defendant's possession, and in such case a demand and refusal must be shown. 2 Hilliard, 248. See also id., 254, and 2 Cal., 571.

*Murphy & Cravath,* for respondent:

1. A party may always appear, except infants and corporations, by attorney, and the attorney himself may prove his authority. R. S., chap. 120, secs. 38, 44; *Bush v. Miller,* 13 Barb., 481; *Caniff v. Myers,* 15 Johns., 246. 2. The defendant is confined to the ground of nonsuit urged at the trial. *Gelston v. Hoyt,* 13 Johns., 561; *Meakings v. Cromwell,* 5 N. Y., 136. It is discretionary with the justice to open the case for the admission of further evidence (31 How., 456; Cowen's Treat., § 1503), and an objection must be taken at the trial, if at all, which, if then taken, might be obviated. *McDonald v. Christie,* 42 Barb., 36; *Doane v. Eddy,* 16 Wend., 523–26; *Potter v. Deyo,* 19 id.,

361; *Ford v. Munroe*, 20 id., 210; *Paige v. Fazackerly*, 36 Barb., 392; *Shotwell v. Mali*, 38 id., 445–69; *Rice v. Hollenbeck*, 19 id., 664; *People v. R. R. Co.*, 30 How. Pr., 121. 3. Sufficient evidence was given to sustain the action. *Dexter v. Cole*, 6 Wis., 319; 13 id., 175; *Reynolds v. Shuler*, 5 Cow., 323–26; 7 Cow., 735; 10 Mass., 129, note; 13 Johns., 141; 8 Wend., 610; 23 id., 461; 9 Barb., 230–42; 31 N. Y., 490–93; 4 id., 547.

DIXON, C. J.  The authority of an attorney-at-law who appears in a court of justice in behalf of a party to an action, is to be presumed.  He is an officer of court; and if his authority is denied, the burden of showing that he is unauthorized rests upon the party making the denial.  The justice, therefore, erred in nonsuiting the plaintiff on this ground.

Nor do we think that the nonsuit can be upheld on the ground that no evidence had been given of the conversion of the wood by the defendant.  The wood being in the possession of the plaintiff on the 9th of February, was found in the unexplained possession of the defendant in his yard two days afterwards.  This was sufficient evidence of a conversion, or that the wood was taken and removed by the defendant, provided the court or a jury had so found.

*By the Court.*—The judgment of the circuit court, reversing the judgment of the justice, is affirmed.