SCHLITZ vs. MEYER, Defendant, and FRANCKENBURG, Garnishee, etc.

*October 18 — November 6, 1884.*

*(1) Authority of attorney at law presumed.   (2) Admissions pendente lite: Accord without satisfaction: Estoppel to defend.*

1. If the authority of an attorney at law who appears for one party to an action is denied by the opposite party, the burden of showing lack of authority is upon the latter.
2. Upon a motion to vacate garnishee proceedings for a defect in the affidavit on which they were founded, affidavits on behalf of the plaintiff stated that, pending the motion, the defendant had admitted the justice of the plaintiff's claim, and had given him an order on her attorney for a sum of money which the plaintiff agreed to accept, *when paid*, in full satisfaction of his demand, but that on the presentation of such order said attorney had

refused to pay it. *Held*, that the facts thus stated did not show an accord *and satisfaction* which would prevent the further prosecution of the action, nor, on such *ex parte* showing, should they operate against the defendant to prevent the granting of the motion.

APPEAL from the Circuit Court for *Washington* County.

Appeal from an order dismissing garnishee proceedings. The action was brought in the circuit court by the plaintiff against the defendant, *Barbara Meyer*, on a judgment for $80.83 theretofore recovered against her before a justice of the peace. On the day this action was commenced an affidavit and garnishee summons were served on her and on one *Franckenberg*, the garnishee. A few days later, Messrs. Miller, Pors & Pors, attorneys at law, appeared in the action for *Mrs. Meyer*, and served upon plaintiff's attorney a motion to dismiss the garnishee proceedings for the reason that the affidavit upon which the same were founded failed to state the amount of plaintiff's claim against the defendant over and above all offsets, as required by ch. 86, Laws of 1881, amending sec. 2753, R. S. The affidavit does not contain such statement.

The plaintiff resisted the motion on grounds set forth in the affidavits of one Mayer (the agent of the plaintiff) and one Reisse, which were read on the hearing of the motion. These affidavits are to the same facts, and are substantially alike. They are to the effect that *Mrs. Meyer* admitted the plaintiff's claim to be just, and said she had deposited with Mr. Miller, of the above firm, $80 with which to pay it, and that Miller agreed to advance eighty-three cents for her. She thereupon gave Mayer an order on Miller for $80.83, and Mayer agreed to receive and accept that sum when paid in full satisfaction of plaintiff's demand against her. The order was presented to Miller, who declined to pay it, denying that he had that amount of *Mrs. Meyer's* money in his hands properly applicable to the payment of plaintiff's demand. When notice of retainer was served by Miller, Pors

& Pors, Miller offered to pay $30 in compromise of the claim, which offer was refused by the plaintiff.

The cause was submitted for the appellant on the brief of *Paul A. Weil*, attorney, and *B. M. Miller*, of counsel, and for the respondents on the brief of *Miller, Pors & Pors*.

For the appellant it was contended, *inter alia*, that a party has a right to settle his suit at any time without consulting his attorney, if such settlement is not in fraud of the attorney. *Courtney v. McGavock*, 23 Wis. 619; *Howard v. Osceola*, 22 id. 453; *Sweet v. Bartlett*, 4 Sandf. 661; *Shank v. Shoemaker*, 18 N. Y. 489; *McDowell v. Second Ave. R. R. Co.* 4 Bosw. 670; *Foot v. Tewksbury*, 2 Vt. 97; *Henchey v. Chicago*, 41 Ill. 136; *Ryan v. Martin*, 18 Wis. 672. The defendant having directed her attorney to pay or settle this suit, is estopped to say there is no settlement. Bigelow on Estoppel (3d ed.), 562, 601. She did all she could to settle it, and the plaintiff accepted her offer. This settlement necessarily included all motions and proceedings in the action, and was a withdrawal of the motion to vacate the garnishee proceedings. *Dierolf v. Winterfield*, 24 Wis. 143; *Kusterer v. Beaver Dam*, 56 id. 471; *Harris v. Ensign*, 1 How. Pr. 103. It is like the submission of a case in court to arbitration, working a discontinuance, and the court will proceed no further in the case. *Muckey v. Pierce*, 3 Wis. 307; *Bigelow v. Goss*, 5 id. 421.

For the respondents it was argued, among other things, that an accord without satisfaction is no defense. *Ballard v. Noaks*, 2 Ark. 45; *Clark v. Bowen*, 22 How. 270; *Rising v. Cummings*, 47 Vt. 345; *Piper v. Kingsbury*, 48 id. 480; *Smart v. Chell*, 7 Dowl. 781; *Smith v. Keels*, 15 Rich. Law, 318; *Frost v. Johnson*, 8 Ohio, 393; *Noe v. Christie*, 51 N. Y. 270; *Simmons v. Clark*, 56 Ill. 96.

LYON, J. On this record there is no doubt of the authority of Miller, Pors & Pors to appear as attorneys for *Mrs. Meyer* and defend the action. "The authority of an attor-

ney at law who appears in a court of justice on behalf of a party to an action, is to be presumed. He is an officer of the court, and if his authority is denied, the burden of showing that he is unauthorized rests upon the party making the denial." *Thomas v. Steele*, 22 Wis. 207. There is nothing in the motion papers tending to show that their appearance in behalf of *Mrs. Meyer* was unauthorized, or that their authority has ever been revoked.

The motion to vacate and dismiss the garnishee proceedings is the motion of *Mrs. Meyer*, and the question is whether she did anything while it was pending which estops her to prosecute it. It is said that she admitted the plaintiff's claim to be just, and endeavored to make provision for the payment of it, but failed. But does that estop her, *ipso facto?* Her admission would be evidence against her on the trial, but she might avoid the force of it by denying that she made it, or by showing that she made it under a misapprehension of material facts. On an *ex parte* showing that a defendant had admitted the claim in a suit to be just, would any court strike off the answer, or close against the defendant all right of defense? We think not.

But it is claimed that the facts stated in the affidavits show a settlement of the controversy, so far as *Mrs. Meyer* could settle it, and that she ought not to be heard further in the action. If there was a valid accord and satisfaction of the claim in suit, that furnishes the best of reasons why not only the garnishee proceedings, but the main action, should have been dismissed, and this whether the proceedings were regular or otherwise. However, the affidavits show at most an accord without satisfaction, which binds neither party. The plaintiff did not accept the order on Miller in satisfaction of his demand. He only agreed to accept the money which the order called for in satisfaction thereof. Although he may proceed against Miller on the order if he so elects, the plaintiff has done nothing to forfeit his right to prose-

cute his action against *Mrs. Meyer* as he may be advised, and she has done nothing which deprives her of the right to interpose any defense thereto she may have, or to attack the validity of the garnishee proceedings therein.

It is scarcely necessary to say that the transactions detailed in the affidavits contain no element of the submission of a controversy to arbitration. Had there been such a submission, it would, like an accord and satisfaction, have worked a discontinuance of the action, including the garnishee proceedings.

The garnishee affidavit was fatally defective, and we think the circuit court properly dismissed the proceedings founded upon it.

*By the Court.*— Order affirmed.