OSCAR A. WILSON v. JOHN M. HOFFMAN.

[See 54 Mich. 246; 70 Id. 552.]

*Trover—When maintainable—Ejectment—Rents and profits—Res judicata.*

1. A plaintiff in ejectment, after the title to the land has been determined in his favor, may maintain an action of trover for logs cut by the defendant from standing timber and removed from the land during the pendency of the suit, and while in possession of the land under a *bona fide* claim of title adverse to the plaintiff.

2. An action of trover brought by a plaintiff in ejectment to recover for logs cut and removed from the land by the defendant prior to the determination of the title in favor of the plaintiff is not barred by a judgment for damages for the *rental value* of the land, recovered by the plaintiff on a suggestion of a claim for damages for rents and profits, filed and prosecuted under How. Stat. §§ 7829–7835.[1]

---

[1] How. Stat. §§ 7829–7835, provide:

*a*—For the recovery by the plaintiff in ejectment, after a judgment in his favor (meaning the *final* judgment in the cause, as held in *Williams v. Circuit Judge,* 79 Mich. 549), of "damages for rents and profits of the premises recovered," if, within one year after the docketing of the judgment, he files a suggestion of his claim against the defendants liable for such rents and profits, which may be substantially in the form of a declaration in *assumpsit* for use and occupation. On filing such suggestion a rule to plead is entered, and the same proceedings thereafter had as in the case of the commencement of a suit by declaration.

*b*—The defendant may plead to such suggestion, and give notice of any special matters in bar of plaintiff's claim, except such as

Error to St. Clair. (Canfield, J.) Submitted on briefs July 1, 1892. Decided July 28, 1892.

Trover. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Frank Whipple,* for appellant, contended:

1. Under the following decisions, the verdict and judgment should be set aside: *Grant v. Smith,* 26 Mich. 201; *Beeman v. Black,* 49 Id. 598; *Ribble v. Lawrence,* 51 Id. 569; *Clow v. Plummer,* 85 Id. 550; *Shepard v. Pettit,* 30 Minn. 119.

*Avery Bros. & Walsh,* for defendant, contended:

1. Trover will not lie for the cutting and removing of standing timber from premises in possession of a defendant in ejectment under claim of right; citing 1 Chitty, Pl. 151; *Brown v. Caldwell,* 10 Serg. & R. 114 (approved in *Wright v. Guier,* 9 Watts, 174); *Mather v. Church,* 3 Serg. & R. 509; *Brothers v. Hurdle,* 10 Ired. 490; *Halleck v. Mixer,* 16 Cal. 579; *Stockwell v. Phelps,* 34 N. Y. 364, 365; *Snyder v. Vaux,* 2 Rawle, 423.

2. Plaintiff was entitled to recover, if at all, in his action for mesne profits, not only the rental value of the premises, but also the profits, as indicated by How. Stat. §§ 7829-7831, accruing to the defendant while in the adverse possession of the

were or might have been .controverted in the main suit, in the same manner as in personal actions, and may show on the trial, in bar or mitigation of the damages claimed, a recovery by the defendant, or by any other person, of the same premises, or of part thereof, subsequent to the verdict in the main action.

*c*—If an issue of fact is joined on the suggestion, it is to be tried as in other cases, and, if found for the plaintiff, the same jury assesses his damages, to the amount of the mesne profits received by the defendant since he entered into the possession of the premises, subject to the restrictions that the defendant may set off permanent improvements made on the premises to the amount of plaintiff's claim, and, in estimating plaintiff's damages, the value of the use by the defendant of any improvements made by him, or purchased by him in good faith from any person from whom he derives color of title thereto, shall not be allowed to the plaintiff.

*d*—On the trial of the issue the plaintiff must establish, and the defendant may controvert, the time when the defendant entered into the possession of the premises, the time during which he enjoyed the mesne profits thereof, and the value of such profits, but the record of the recovery in the main action shall not be evidence of such time.

premises; citing *Murphy v. Guion*, 2 Hayw. 162; *Bacon v. Sheppard*, 6 Hals. 197, *Cunningham v. Morris*, 19 Ga. 583; and when he saw fit to confine himself solely to the recovery of the rental value, he estopped himself from asserting any other claim to the profits.

McGRATH, J.   Plaintiff recovered in ejectment against defendant after an adjudication by this Court (see 70 Mich. 552), and in April, 1889, filed a suggestion of damages in the circuit court.   The bill of particulars of his claim in that proceeding contained the following items:

For rent of premises 6 years, at $50 per year_____ $300 00
For 296 logs, 33,650 feet of pine logs, cut and moved
   by defendant from the land described in plaintiff's
   declaration, at $16 per M_____   538 70
For 77 cords of bolts, at $10_____   770 00

On the 8th of October, 1889, the trial resulted in a verdict for plaintiff for $72.[1]

Before filing the suggestion for rents and profits as above, plaintiff commenced this action of trover by summons, filing his declaration July 20, 1889, seeking "to recover the value of 500 pine trees, 100 oak trees, 100 hemlock trees, 500 pine logs, 100 oak logs, 100 hemlock logs, 100,000 feet of pine logs, and 100 cords of pine bolts, all of the value of five thousand dollars."   Defendant pleaded the general issue, with notice of the pendency of the other suit involving the same matters.   After the trial of the proceeding for assessment of damages, upon leave granted, defendant filed an additional notice, setting up the judgment in the other suit as a bar to this action.   The learned circuit judge directed a verdict for defendant.

Defendant's contention is:

1. That trover will not lie for the cutting and removing of standing timber from premises while in possession of a defendant in ejectment under claim of right.

---

[1] The recovery was confined to *rent*, the remainder of plaintiff's claim as set forth in his bill of particulars being withdrawn from the consideration of the jury.

2. That the judgment in the action for mesne profits is a bar to the maintenance of the present suit.

It seems to me that the case of *Busch v. Nester*, 62 Mich. 381, 70 Id. 525, disposes of the first contention. The only difference between the cases is that in that case the party in possession of the land, and who had cut the logs under a *bona fide* claim of title adverse to the owner, brought replevin against the true owner, who had obtained possession of the logs by questionable methods, before the question of title to the land had been determined; while in the present case the true owner brings trover against the party who cut the logs, under a *bona fide* claim of title adverse to the owner, after the title to the land has been determined in favor of the plaintiff. I am unable to discover why any different rule should be adopted because in this suit Busch is the defendant. If in the present case the logs had been upon the land when the ejectment suit was determined, that determination would have established the title in plaintiff. Suppose, however, that before the determination of the ejectment suit the logs had been skidded upon adjoining land, would the ownership or right to possession depend upon which party first reached the skids? As is said in the Busch case, as between the wrong-doer and the true owner of the land, the title to what is severed from the freehold is not changed by the severance, whatever may be the case as to strangers. If the true owner may keep his own property when he gets it, why may not he get it if another has it?

An additional reason for the rule laid down in the cases cited by defendant is that trover cannot be maintained by one not in actual possession, but the rule is well established in this State that trover may be maintained by one who had the right to possession. The law, after re-entry, supposes the freehold to have always existed in the party re-entering.

*Dewey v. Osborn,* 4 Cow. 329; *Morgan v. Varick,* 8 Wend.
587; *Van Brunt v. Schenck,* 11 Johns. 377. As is said by
Cowen, J., in *Leland v. Tousey,* 6 Hill, 328:

> " The answer to the objection is found in the ejectment
> suit and recovery. The plaintiff was all along in actual
> possession according to his right. His actual possession,
> acquired by ejectment or entry, relates to the time when his
> title was acquired, not only as against the defendant in eject-
> ment, but all other wrong-doers."

As to the second contention, whatever scope may be given
to the language "rents and profits," and the proceeding in
*assumpsit* for use and occupation, I am of opinion that the
remedy is not exclusive, and was not intended to take away
other remedies. It is urged by defendant's counsel that a
tort may be waived and *assumpsit* brought, but I do not
think that the Legislature intended to say that in all cases
a tort must be waived. It is very clear from what is said
in *Busch v. Nester* that, in the class of cases there alluded
to, the owner is not confined to the remedy of ejectment
and rents and profits. In any case where replevin could
be brought, the statutory remedy might be a barren one.
In *Gill v. Cole,* 2 Har. & J. 403, it is held that a recovery
in trespass for mesne profits is only for the use and occu-
pation of the lands, and does not bar an action for injuries
done to the premises during the same period. In *Campbell
v. Renwick,* 2 Bradf. Sur. 84, it is held that the common-
law action for the recovery of mesne profits was not abolished
by the revised statutes. I think, therefore, that judgment
in the proceedings under the statute is not necessarily a
bar to the present action.

The judgment must therefore be reversed, and a new trial
ordered, with costs to plaintiff.

The other Justices concurred.