REINKEY and others, Respondents, vs. WILKINS, Appellant.

*September 21—November 16, 1920.*

*Waste: Action between cotenants: Authority of attorney to appear for absent tenant: Presumption: How to raise question: Judgment in partition suit not bar to action for waste: Res adjudicata: Waste committed after commencement of partition action.*

1. The question as to whether a plaintiff has authorized the commencement of an action should be raised by a motion to dismiss instead of by an allegation in the answer; but where such question was disposed of by the trial court as if it had been raised by a motion to dismiss, this court will consider it on the merits.

2. The authority of an attorney to appear for a party is presumed, and the burden of overcoming such presumption is on the party making the denial.

3. Where one cotenant had left his papers with another cotenant, his sister, and had instructed her to protect his interest in proceedings affecting the common property then being considered, the sister had authority four years thereafter, without having seen her brother in the meantime, to authorize an attorney to represent him in an action against a third cotenant for waste.

4. A judgment is a complete bar in a subsequent action between the same parties, not only as to every point actually presented and decided in the former action, but also as to every point which might have been decided and presented therein, when the second action is upon the same cause of action; but when the second action is upon a different claim or cause of action, the former judgment is only a bar as to matters actually presented and litigated therein.

5. Under secs. 3102, 3105, Stats., a judgment in a partition action in which there was no issue as to waste does not estop cotenants from bringing a subsequent action against another cotenant for waste committed during the interval between the commencement of the previous action and the judgment therein.

6. A point or question is in issue in an action so as to be concluded by a judgment therein when an issue concerning it is directly tendered by the pleadings; but a matter which is neither pleaded nor brought into the contest is not in issue although within the general scope of the litigation and although it might have been determined by the judgment if it had been set up and tried.

7. A judgment in partition would not have estopped cotenants from bringing an action against another cotenant for waste committed between the commencement of the partition action and the rendition of judgment, even though the pleadings presented an issue as to waste committed prior to the commencement of such action, where the cause of action as to waste committed subsequent to commencement of the action was not litigated.

APPEAL from a judgment of the circuit court for Pierce county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

Waste. The plaintiffs and defendant were tenants in common of certain premises situated in Pierce county, Wisconsin. On the 7th day of July, 1917, the plaintiff *Anna C.*

*Reinkey* began against the defendant and the remaining plaintiffs an action for partition of these premises. The complaint in the partition suit alleged that one John Wilkins died intestate December 5, 1890, set out the relationship of the parties, the description of the premises, that the lands so described were all the lands in which the parties were jointly interested, and then alleged:

"That during the time this plaintiff and said defendants have owned said premises in common, to wit, since the 29th day of July, 1896, the defendant, *August Wilkins*, has received all rents and profits thereof, amounting to the sum of $320 per annum, as plaintiff is informed and believes, and said defendant, *August Wilkins*, refuses to account to plaintiff for the rents and profits so received and refuses to pay said plaintiff her proper share thereof:"

There was the usual prayer for relief, for partition of the premises, and the prayer continued:

"And for such further relief as may be equitable and just, and that the defendant, *August Wilkins*, be required to account for and pay to the plaintiff her share of the rents and profits aforesaid wrongfully detained from her."

In the partition suit the defendant, *August Wilkins*, claimed credit for certain improvements he had made upon the premises, including the building of a house. Upon the trial the defendant, *August Wilkins*, testified that he had cut and removed from the premises timber of the value of approximately $400, and that in early years prior to the commencement of the suit he had cut and removed timber of the value of $100. In the partition suit the court found as follows:

"That the defendant, *August Wilkins*, has had and enjoyed the use and occupation of said premises since the year 1899, during which time, with the knowledge and acquiescence of his cotenants, he has made some improvements thereon; that during such time he has sold some stumpage and timber from said premises to the amount and value of $500."

In the partition suit the lands were ordered sold, an accounting was had in which the defendant, *August Wilkins,* was charged with the value of the timber cut, $500, and credited with the value of certain improvements, and after the deduction of costs the net proceeds were distributed to the various parties to the partition action. The partition suit was tried at the May, 1918, term.

The present action was begun to recover for waste committed upon the premises by the defendant, *August Wilkins,* during the months of September and October, 1917, after the commencement of the partition suit but before the trial thereof. As a defense to this action the defendant alleged that the plaintiffs were concluded by the judgment in partition and filed a plea in abatement, claiming that the action should be abated for the reason that *George Reinkey,* one of the plaintiffs, had not authorized the commencement of the suit. In his answer the defendant alleged:

"That the whereabouts of the plaintiff *George Reinkey* is unknown, that he never authorized the commencement of any action in his name, and that he is not a proper party plaintiff to the action."

The trial court first heard and decided the issue raised by this allegation of the answer, found that *George Reinkey* was a proper party plaintiff, and gave judgment in favor of the plaintiffs for double damages under sec. 3176, Stats., and costs, from which judgment the defendant appeals.

*W. G. Haddow* of Ellsworth and *F. M. White* of River Falls, for the appellant.

For the respondents there was a brief by *N. O. Varnum* of Hudson and *Francis B. Hart* of Minneapolis, Minnesota, and oral argument by *Mr. Hart.*

ROSENBERRY, J. Two questions are presented upon this appeal: First, Did the court err in refusing to sustain the plea of the defendant to the effect that *George Reinkey* had not authorized the commencement of the suit as to him?

and second, Did the fact that there was a recovery for waste in the accounting had in the partition suit foreclose the claim of plaintiffs against the defendant for waste committed subsequent to the commencement of that action but before its trial? Although the question as to whether or not *George Reinkey* had authorized the commencement of the action was raised by the allegation in the answer instead of by a motion to dismiss, which is the proper procedure, we shall, in view of the fact that the matter was tried and disposed of by the trial court as if it had been a motion to dismiss, consider that question upon its merits. *George Reinkey* appeared in this suit by his attorney. The authority of an attorney to appear for a party is presumed in this state, and the burden of overcoming this presumption is upon the party making the denial. *Thomas v. Steele,* 22 Wis. 207; *Schlitz v. Meyer,* 61 Wis. 418, 21 N. W. 243; *Andrews v. Thayer,* 30 Wis. 228. Upon the trial the attorney appearing for the plaintiff confessed that he had no authority to appear for him excepting such as he had by reason of a request made that he so appear by *Anna Reinkey,* another plaintiff and à sister of the plaintiff *George Reinkey.* The only testimony offered to show the authority of *Anna Reinkey* to procure the appearance of the attorney for *George Reinkey* was a conversation had with her brother some three or four years before. She testified that she was a sister of *George Reinkey;* that she last saw her brother about four years ago; that she had talked with him about his interest in his grandfather's estate, consisting principally of the lands involved in the partition suit, and his rights therein; that he left his papers with her and asked her to look after his interests; that prior to that time there had been talk of commencing legal proceedings in respect thereto; that he was anxious to secure the money that was coming to him, and that her brother asked her to protect his interest in the proceedings the same as if he were present. The trial court held this sufficient to constitute *Anna Reinkey*

the agent of *George Reinkey* for the purpose of procuring the appearance of an attorney to represent him in this action, and we are of the opinion that the trial court correctly ruled in so holding. *Will of McGinty,* 171 Wis. 184, 176 N. W. 850, was a very different case. There the attorneys for one Bagley had not taken appeal within the time fixed by law. The question was whether the circuit court should, in the exercise of its discretion, extend the time. The trial court refused to extend the time, and this court held that in so doing the trial court did not abuse its discretion. It appears the decision of the trial court would have been the same even if the authority of Bagley's attorneys had been admitted. Second, it is the contention of appellant that, because the plaintiffs failed to litigate the liability of the defendant for the acts of waste committed after the commencement of the partition suit and before its trial, they are estopped from maintaining this action on the ground that the plaintiffs are concluded not only as to all matters actually litigated upon the former trial but also upon all matters which might have been litigated therein, an accounting for waste committed prior to commencement of the partition having been made in that action.

The rule upon this proposition is:

"A judgment is a complete bar in a subsequent action between the same parties, not only as to every point actually presented and decided in the former action, but also as to every point which might have been presented and decided therein when the second action is upon the same cause of action; but when the second action is upon a different claim or cause of action, the former judgment is only a bar as to matters actually presented and litigated therein." *Huntzicker v. Crocker,* 135 Wis. 38, 115 N. W. 340; *Rahr v. Wittmann,* 147 Wis. 195, 132 N. W. 1107; *Harrison v. Remington P. Co.* 140 Fed. 385; *S. C.* 5 Am. & Eng. Ann. Cas. 314, and note.

The complaint in the partition suit contained no allegation whatever with reference to the matter of waste. Sec. 3102,

Stats., provides what the complaint in a partition action shall state. No mention is made therein of waste. Sec. 3105, Stats., provides that:

"In all actions for partition the court may investigate and determine all questions of conflicting or controverted titles, quiet title, remove clouds in titles, assign dower and homestead, apportion incumbrances, adjust claims for improvements or for rents and profits; . . ."

The claim of estoppel made here by the defendant must fail. First, the action for waste is upon a different cause of action; second, the issues are not identical; and third, it is conceded that the subject matter of this action was not in fact litigated in the former action.

A point or question is in issue in an action in such a sense that it will be concluded by the judgment therein when an issue concerning it is directly tendered by the pleading in the case. *New Orleans v. Fisher,* 180 U. S. 185, 21 Sup. Ct. 347; cases cited 23 Cyc. 1302, note 12. A matter is not in issue in an action which is neither pleaded nor brought into contest therein, although within the general scope of the litigation and although it might have been determined by the judgment if it had been set up and tried. *Abendroth v. Van Dolsen,* 131 U. S. 66, 9 Sup. Ct. 619; *Montpelier S. B. & T. Co. v. School Dist.* 115 Wis. 622, 92 N. W. 439; *Wilson v. Hoffman,* 93 Mich. 72, 52 N. W. 1037.

The pleadings in this case presented no issue whatever as to waste, and even had the pleadings presented an issue as to waste committed prior to the commencement of that action the plaintiffs would not have been concluded as to this cause of action, which arose after the commencement of the former action, unless it had in fact been litigated in the former action. The trial court correctly held that the plaintiffs were not estopped.

*By the Court.*—Judgment affirmed.