HURST *et al. v.* GULF STATES CREOSOTING CO.

(Division B. April 25, 1932. Suggestion of Error Overruled, May 9, 1932.)

[141 So. 346. No. 29988.]

H. C. Stringer, of Jackson, for appellants.

J. C. Murray and S. L. McLaurin, both of Brandon, for appellee.

Argued orally by **H. C. Stringer**, for appellant, and by **J. C. Murray**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

By consent of the attorneys representing the respective parties in this cause, a judgment was entered in vacation in favor of appellee. Appellants made a motion to set aside the judgment on the ground that their attorneys had no authority to consent to the judgment, and that the court had no authority to enter the judgment in vacation. The motion was heard on affidavits and oral testimony, resulting in a judgment overruling appellants' motion. From that judgment, the appellants prosecute this appeal.

On March 15, 1930, appellants Clyde J. Hurst and wife, and about thirty others, filed their bill against appellee in the chancery court of Rankin county to recover damages for the alleged tortious overflow and injury to their lands by appellee. Appellee demurred to the bill. On September 20, 1930, appellants, and the other complainants in that case, dismissed their bill without prejudice. On December 10, 1930, appellants filed their declaration in the circuit court of Rankin county against the appellee to recover damages in the sum of twelve thousand dollars for the same alleged tort as that embodied in the chancery court cause. Appellants employed as their attorneys in this cause W. P. Searcy and H. C. Stringer,

who were to receive as their fee for their services thirty per cent of what they might recover by suit or otherwise. The contract of employment was in writing; the last paragraph of the contract is in this language: "It is agreed and understood that neither party to this contract is to settle this case out of court without the knowledge, consent and approval of the other." H. C. Stringer retired from the case, and appellants thereupon employed M. S. McNeil, of Hazelhurst, and Stevens & Stevens, of Jackson, to be associated with W. P. Searcy in the conduct of the cause in their behalf. Hannah and Simrall, attorneys at Hattiesburg, and S. L. McLaurin and J. C. Murray, attorneys at Brandon, represented appellee in the cause.

On May 16, 1931, during the vacation of the circuit court of Rankin county, there was filed in this cause with the circuit clerk of that court an agreement between the parties in this language: "Now comes plaintiffs and defendant, by their attorneys of record, and consent that this cause be tried before the court in vacation without a jury, and that judgment be entered by the court in vacation. This agreement was signed by all the attorneys of the respective parties, and marked filed by the clerk of the circuit court of Rankin county. On May 19, 1931, still during the vacation of the court, the following order was entered in the cause by direction of the circuit judge of the district of which, Rankin county is a part: "This day this cause comes on to be heard before the court in vacation, without a jury the parties consent that judgment be entered for defendant. It is therefore considered by the court and so ordered that plaintiffs have and recover nothing from defendant; that defendant go hence without day. The clerk of this court will enter this judgment on the minute book of this court in vacation." The order was signed by the circuit judge, and below his signature under the word "approved" there were signed the names of all the attorneys of record repre-

senting the respective parties, and below their signatures was a notation by the clerk that the judgment was recorded on the 22d day of May, 1931.

At the September, 1931, term of the circuit court of Rankin county, appellants entered a motion to set aside the judgment and reinstate the cause for trial on the grounds above stated. In support of the motion, appellant Clyde J. Hurst testified orally before the court, and introduced affidavits of other witnesses. In substance, the evidence showed that the judgment was entered without the knowledge or consent of appellants, and that if the judgment was the result of a compromise agreement between the parties, by the terms of which any sum was paid by appellee to appellants' attorneys, the appellants had received no part thereof. The evidence tended to show that a copy of appellants' contract with their attorneys to represent them in this cause was mailed to appellee, addressed to Jackson, in this state, and that this was done before the entry of the judgment; but appellants in their declaration filed in the cause alleged that appellee was a Mississippi corporation, domiciled at Hattiesburg, in this state. There was no other proof in the record as to the post office address of appellee, and there was no evidence that appellee had received a copy of the contract before the judgment was rendered.

Appellants contend that the court had no authority under the law to hear and enter a judgment in this cause in vacation. Section 577 of the Code of 1930 provides: "Trial by jury may be waived by the parties to an issue of fact in actions on contract, and with the assent of the court, in other actions." Section 579 of the Code of 1930 provides, among other things, that by consent of the parties or their attorneys of record the circuit judge may try cases in vacation as in term time, and make and enter judgment therein in vacation, and that all orders and judgments so made shall be signed by the

circuit judge, and thereupon entered and recorded on the minute book of the court in which the case is pending, and shall have the same force and effect as if made, entered, and recorded in term time. Appellants argue that this being an action in tort and not on contract there could be no waiver of a jury by the attorneys of record of the respective parties, except by the assent of the court first had an obtained. It may be conceded for the sake of argument that appellants are right in that contention, and therefore the agreement of the attorneys representing the respective parties to waive a jury and try the cause in vacation was without any binding force. Nevertheless the judgment entered in vacation is valid, because, under section 579 of the Code of 1930, parties have a right to agree upon and have the court enter a judgment in vacation without a precedent waiver of a trial of the cause by a jury, and without a precedent assent of the court, even though it be an action founded on tort, provided the judge is willing to do so. The powers conferred by section 579 on the circuit judge in vacation are very broad and comprehensive. "By consent of the parties, or of their attorneys of record, he may try cases in vacation, as in term-time, and make and enter judgments therein in vacation," is the language of the statute bearing particularly upon the question here. If the action is one sounding in tort, the judge may refuse to give his assent to a waiver of a jury by the parties; but if he, by consent of the attorneys of the respective parties, hears the cause without a jury and enters judgment in vacation, that action is tantamount to giving his consent to a trial without a jury.

We have here simply this state of facts: Appellants sued appellee in an action of tort. The attorneys of record of the respective parties appeared in vacation before the judge of the court in which the cause was pending and agreed to a judgment in favor of appellee. The judgment was written up and signed by the judge, ap-

proved in writing by the attorneys of the respective parties, and entered on the minute book of the court in which the cause was pending. We hold that, in the absence of proof that such judgment was procured by fraud, it is as valid and binding between the parties as if entered in term time as a result of a trial and verdict of a jury.

Appellants' contention that the judgment ought to have been set aside because their attorneys had no authority to agree to its entry is without merit. An attorney agreeing to a judgment against his client is presumed to act with his client's consent, and such judgment is ordinarily conclusive against the client. Some courts hold that this presumption is rebuttable in a proceeding instituted to set aside the judgment by a showing that the movant has a meritorious claim or defense, as the case may be. However, there is no decision of our court holding that such a presumption is rebuttable. If rebuttable, the effort to rebut must fail in this case for the reason that there is no showing by appellants that they had a meritorious case. In order to set aside a judgment, the parties seeking to set it aside must show a meritorious claim or defense, as the case may be. A showing simply that the plaintiff or defendant believes he has a meritorious claim or defense is not sufficient. "The facts on which the claim or defense is based must be set forth with sufficient detail to enable the court to determine therefrom whether the claim or defense is meritorious." Cocke v. Wilson, 161 Miss. 1, 134 So. 686, 687. In that case the judgment sought to be set aside was entered without the knowledge or consent of the party seeking to set it aside. His attorney had no authority to agree to the entry of the judgment. The consent judgment was in favor of the defendant in that case. The only showing he made on the motion to set aside the judgment was that in his opinion he had a meritorious defense to the case; the court held that that was not a sufficient showing of a meritorious defense.

In the present case there is no showing in the record whatever as to the merits of appellants' cause of action, except their declaration filed in the cause. The declaration sets out appellants' case. That was not sufficient proof that they had a meritorious case. The declaration in the case was not proof; it contained mere unsworn allegations of facts. The proof of a meritorious case must go further than that; it must be in fact proof of such a character as to convince the court of the merits.

Appellants contend that the judgment ought to be set aside because the appellee had notice that appellants' attorneys had no authority to agree to the entry of the judgment. This contention is based on the theory that the presumption of authority of the appellants' attorneys to agree to the judgment is rebuttable. Concede for argument's sake that it is, still we hold that appellants' contention is without merit, because there is no evidence in the record that appellee had notice of the provisions of the contract of employment between appellants and their attorneys. When the judgment was agreed on the appellee had a right to assume that appellants' attorneys of record had authority to do what they did.

Affirmed.