COURT OF APPEALS
DECISION
DATED AND FILED

**September 9, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP177**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV860

IN COURT OF APPEALS
DISTRICT I

RUTHIE FREEMAN,

PLAINTIFF-RESPONDENT,

V.

MOROCCO INVESTMENTS, LLC,

DEFENDANT-APPELLANT,

ABC INSURANCE COMPANY AND ALEX M. AZAR, II,

DEFENDANTS.

APPEAL from a judgment of the circuit court for Milwaukee County: KASHOUA KRISTY YANG, Judge. *Affirmed*.

Before White, C.J., Colón, P.J., and Donald, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Morocco Investments, LLC appeals from a judgment entered by the trial court in favor of Ruthie Freeman.  On appeal, Morocco argues that the trial court erroneously permitted its counsel to withdraw a mere 24 days before trial.  For the reasons set forth below, we disagree and affirm.

## BACKGROUND

¶2      On February 10, 2022, Freeman filed suit against her landlord, Morocco, after she slipped and fell on some ice and snow that had accumulated on the stairs outside of her apartment building.  In her complaint, she alleged negligence and a violation of Wisconsin's Safe Place Statute, WIS. STAT. § 101.11 (2023-24).[1]

¶3      Morocco initially retained Attorney Robert N. Meyeroff as counsel. During his representation, Attorney Meyeroff filed an answer, which raised no affirmative defenses, and also filed a witness list on Morocco's behalf.  Attorney Meyeroff moved to withdraw from representing Morocco on September 19, 2022. Attorney Meyeroff cited to a "parting of the ways" and the fact that Morocco's sole member, Will Sherard, lost confidence in Attorney Meyeroff as the reasons for withdrawal.  Attorney Meyeroff indicated that he and Sherard spent hours arguing and it became impossible for Attorney Meyeroff to represent Morocco. The trial court granted the motion to withdraw on October 11, 2022.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶4     The trial court held a pretrial conference on February 8, 2023.[2] Despite having nearly five months to obtain counsel since Attorney Meyeroff's withdrawal, Morocco appeared without counsel and orally requested more time to obtain counsel.  The trial court granted Morocco more time.

¶5     The trial court held a status conference on March 3, 2023.  Morocco again appeared without counsel and again orally requested more time to obtain counsel.  The trial court granted Morocco's request but warned that no more adjournments would be granted.

¶6     On April 26, 2023, nearly seven months after Attorney Meyeroff's withdrawal from the case, Morocco retained Attorney David J. Lang.  Attorney Lang filed a pretrial report on Morocco's behalf on May 31, 2023.  However, on October 2, 2023, Attorney Lang also moved to withdraw, citing to a breakdown in the representation that could not be resolved.  Attorney Lang noted an incident that occurred at his office on September 28, 2023, where Attorney Lang asked Sherard to leave after Sherard became hostile and belligerent, and the police escorted Sherard from Attorney Lang's office.  Attorney Lang indicated that he feared for his safety and the safety of his staff.  The trial court held a hearing on October 20, 2023, to address Attorney Lang's motion to withdraw, and the trial court granted the motion.

---

[2] To the extent necessary, we take judicial notice of those facts contained in CCAP records.  *See Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522 (recognizing that "CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs" that is an "online website [that] reflects information entered by court staff").

¶7      On November 13, 2023, the trial court held a bench trial.  Morocco appeared without counsel, and the trial court entered judgment for Freeman. Morocco appeals.

## DISCUSSION

¶8      On appeal, Morocco argues that the trial court erroneously exercised its discretion when it granted Attorney Lang's motion to withdraw.  We review the trial court's decision to grant a motion to withdraw for an erroneous exercise of discretion.  *State ex rel. Dressler v. Circuit Ct. for Racine Cnty., Branch 1*, 163 Wis. 2d 622, 632, 472 N.W.2d 532 (Ct. App. 1991).  We sustain a trial court's discretionary act if "the trial court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach."  *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶9      Morocco correctly cites that "[t]he general rule is that although a lawyer has justifiable cause for withdrawing from a case, the attorney is not entitled to withdraw until the client has been given 'reasonable notice and opportunity to obtain substitute counsel.'"  *Johnson v. Johnson*, 199 Wis. 2d 367, 372, 545 N.W.2d 239 (Ct. App. 1996) (citation omitted).  In this case, there can be no dispute that Attorney Lang had justifiable cause to withdraw when Sherard became belligerent and hostile to the point that police had to escort Sherard out of Attorney Lang's office.  Rather, the issue here revolves around whether Morocco had reasonable notice and opportunity to obtain substitute counsel.  We conclude that Morocco had both reasonable notice and an opportunity to obtain substitute counsel.

¶10    As to reasonable notice, the record reflects that Morocco was put on notice that Attorney Lang would withdraw by way of Sherard's presence at the incident on September 28, 2023, that resulted in Sherard's removal from Attorney Lang's office by police. We note that Sherard indicated at the hearing that he was surprised by Attorney Lang's motion to withdraw. However, Attorney Lang explained at the hearing that he informed Sherard that he would be moving to withdraw as a result of the September 28 incident. In particular, Attorney Lang stated that he told Sherard "over and over" that "there's no way I'm going to represent him" and "he wouldn't listen." The trial court addressed the situation finding that Sherard was there that day when he had to be escorted by police from Attorney Lang's office and Sherard could not reasonably believe that Attorney Lang would continue to represent Morocco following that incident. We agree with the trial court's assessment, and therefore, we conclude that Morocco, through Sherard's presence at the incident on September 28, 2023, had reasonable notice that Attorney Lang would be moving to withdraw from the case.

¶11    Morocco argues that the trial court applied an incorrect legal standard and inaccurately recited the facts because the trial court placed all the blame on Sherard, did not take Sherard's objection and circumstances into consideration, and recited a skewed version of facts evincing a personal issue with Sherard. He further argues in his reply brief that a disagreement does not automatically result in a situation warranting withdrawal.

¶12    We are not persuaded. Rather, a review of the record indicates that the trial court engaged in ample discussion with Sherard about his version of events. The trial court further noted that this was not the first time Morocco encountered problems with counsel, and Morocco was previously warned that no more adjournments would be allowed. The trial court further impressed upon

Morocco the importance of keeping the case moving after it had been delayed on prior occasions. In short, we discern no erroneous exercise of the trial court's discretion in establishing whether Morocco had reasonable notice of Attorney Lang's motion to withdraw and, to the extent applicable, whether there were even grounds for the motion in the first place.

¶13 This leaves us with the final question of whether Morocco had an opportunity to obtain substitute counsel prior to the scheduled trial date of November 13, 2023. While we acknowledge that Morocco as an LLC had no choice but to obtain counsel to appear in court, our conclusion nevertheless remains the same. *See **Jadair Inc. v. United States Fire Ins. Co.***, 209 Wis. 2d 187, 202-03, 562 N.W.2d 401 (1997). Morocco had from September 28, 2023, when it was on notice of Attorney Lang's withdrawal until November 13, 2023, to obtain counsel to replace Attorney Lang.

¶14 Morocco cites to **Sherman v. Heiser**, 85 Wis. 2d 246, 270 N.W.2d 397 (1978), for the proposition that the trial court in this case had two choices: (1) set a new trial date or (2) deny the motion to withdraw and order Attorney Lang to represent Morocco to the best of his abilities. *Id.* at 255-56. We are not persuaded that **Sherman** requires such a result.

¶15 In **Sherman**, our supreme court addressed the following question: "May an attorney for a party litigant withdraw from representation upon the day of trial without notice to his [or her] client?" *Id.* at 250. Thus, the resulting analysis emphasized the fact that counsel was permitted to withdraw on the day of trial and without notice to the client. *Id.* at 254-56. That is not the case here. Attorney Lang was permitted to withdraw weeks before trial and with notice

to the client.  Thus, we are not persuaded that *Sherman* left the trial court with the two options for which Morocco argues.

¶16    Morocco continues by arguing that Attorney Lang did not take reasonable steps to avoid foreseeable prejudice to Morocco, and he cites the following from the Code of Professional Responsibility discussed in *Sherman*:

> [A] lawyer shall not withdraw from employment until he [or she] has taken reasonable steps to avoid foreseeable prejudice to the right of his [or her] client, including giving due notice to his [or her] client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

*Id.* at 251 (citation omitted).

¶17    We have already concluded that Morocco had both reasonable notice and an opportunity to obtain counsel.  We further note that Attorney Lang provided Morocco with its file.  Morocco has not otherwise developed any other law or rule with which Attorney Lang failed to comply.  *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).  Consequently, we are not persuaded by Morocco's additional argument.

## CONCLUSION

¶18    Accordingly, we conclude that the trial court did not erroneously exercise its discretion when it granted Attorney Lang's motion to withdraw, and therefore, we affirm.

> *By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.