220 So.2d 9 (1969)
THE FLORIDA BAR, Complainant,
v.
Dennis R. DINGLE, Defendant.
No. 37876.
Supreme Court of Florida.
March 5, 1969.
*10 H. Franklin Perritt, Jr., Jacksonville, for The Florida Bar, complainant.
Dennis R. Dingle, in pro. per.
CARLTON, Justice.
We have for review a judgment of the Board of Governors of The Florida Bar suspending respondent, Dennis R. Dingle, from the practice of law for one year, and thereafter until he shall demonstrate his fitness to resume the practice of law.
The judgment sets out the pertinent facts and is as follows:
"On November 1, 1965, the respondent stated unequivocally and unconditionally in open court and in the presence of his client that he would appeal his client's conviction. The Respondent was then warned by the court that the notice of appeal must be filed within ten days. Though the client desired an appeal Respondent failed to file a notice of appeal within the ten-day period. He did not inform his client in any manner that he did not intend to file said notice of appeal.
"On January 10, 1966, the Honorable Bryan Simpson then Chief Judge of the United States District Court for the Middle District of Florida, received a letter from Respondent's client requesting assistance with his appeal. Subsequently, several hearings were held before Judge Simpson at which the Respondent willfully and deliberately misstated to the court the facts and circumstances surrounding his failure to initiate an appeal.
"The referee recommended that Respondent be found guilty as charged in the complaint, and particularly that he be found guilty of violation of Article XI, Rule 11.02 of the Integration Rule [32 F.S.A.]; Canons 1, 4, 21 and 44 of the Canons of Professional Ethics [32 F.S.A.]; and Rules 2, 3, 14, 15, 24, 27 and 30 of the Additional Rules Governing the Conduct of Attorneys in Florida [32 F.S.A.]. He further recommended that the Respondent be suspended from the practice of law for an appropriate time. The Board of Governors concurs in the finding of guilt by the referee. It is accordingly,
"ORDERED and ADJUDGED that the Respondent be suspended from the practice of law for one year and thereafter until he shall demonstrate to the Board of Governors and the Supreme Court of Florida that he is fit to resume the practice of law. It is further ordered that he pay the costs of these proceedings in the amount of $523.10."
Respondent contends that since he has previously suffered a six months' suspension from practice before the U.S. District Court, Middle District, for the same breach of ethics, the Florida Bar should not discipline him further.
The Bar asserts that the substantial competent evidence supports the judgment of the Board of Governors, and accordingly, that judgment should be affirmed. The argument of the Bar is misdirected. Where the question is one concerning the impact of evidence and the weight that should be accorded various aspects of it, then the substantial competent evidence rule may apply. See The Florida Bar v. Wagner, 212 So.2d 770 (Fla. 1968). Here, however, the facts are undisputed. Respondent argues only in mitigation of punishment.
There can be no doubt that respondent has been guilty of negligence far beyond excusable neglect. When an appointed attorney voluntarily offers to go beyond the requirement of his appointment and extend his services to include post-conviction representation and appeal, but subsequently decides not to perform these services, he has the burden of properly informing his convicted client of his intentions before withdrawing from the case. This burden increases in direct proportion to the harm that may result to the client if *11 the attorney withdraws without notice. When an attorney, without meeting this burden, summarily withdraws from representation in a case where criminal sanctions have been imposed upon his appointed client, he is clearly negligent and liable to discipline.
Respondent has also been remiss in discharging his professional responsibilities before the Federal Court. This is especially discomforting. Attorneys admitted to practice before federal tribunals carry with them the implied stamp of approval of their State's bar and bench, and should always conduct themselves with this in mind.
However, we cannot agree with the judgment of The Bar that respondent should be suspended from practice for a year. It is our view that any actual suspension from practice is not necessary to accomplish discipline which is fair to the public, the profession and the lawyer involved. Respondent was subjected to adverse press, radio and television coverage due to the incident in Federal Court. His practice appears to have declined appreciably as a result. His professional reputation has already been greatly impaired by his six months' suspension.
We note that the Circuit Court of Appeals granted respondent's client an appeal though not timely filed, and reversed the conviction on a testimonial error to which respondent had objected at trial. Judge Goldberg wrote for the majority that "* * * trial counsel's effectiveness in the court below is established by our reversal of this case on a testimonial error to which counsel made timely objection." Odom v. United States, 377 F.2d 853, at 859, 22 A.L.R.3d 705 (5th Cir.1967). We also note that upon retrial Odom received a heavier sentence than when respondent represented him in 1965.
Upon careful review of this record and consideration of oral arguments, and after giving due weight to the judgment of the Board of Governors and the recommendations of the Referee, we believe that a public reprimand is sufficient discipline in the instant case. Only so much of the judgment of the Board of Governors as requires the respondent to pay the cost of these proceedings is approved, and the respondent is herein and hereby publicly reprimanded for his neglect of duty and unprofessional conduct.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and ADKINS, JJ., concur.