PER CURIAM.
This is a Bar disciplíne case. The following uncontested judgment recites the facts pertinent to this cause:
“JUDGMENT
“This cause came on for review and consideration by the Board of Governors of The Florida Bar upon the report of the referee and the record of proceedings before him. Procedurally the case is under Article XI of the Integration Rule in effect prior to July 1,1969.
“The record shows and the referee found that:
T. Respondent, on or about August 27, 1965, agreed to represent Ricardo Manuel Lopez and Emilio Berkowitz Garcia in their appeal to the Fifth Circuit Court of Appeals from their conviction in the United States District Court for Miami.
‘2. The agreement between Respondent and the two clients for compensation was that they pay a total of $1,200.-00, to include fees and costs, with an indefinite arrangement that there might be additional charges for additional costs and expenses. The agreed amount was to be paid in installments after a down payment of $300.00.
‘3. By the time the appeal was dismissed for failure to file a brief, Respondent had received from his clients the total sum of $1,092.50.
‘4. Respondent failed to account for and segregate cost funds from fees in connection with the matter involved.
‘5. At no time during the pendency of the appeal did Respondent make any effort to withdraw.
‘6. Respondent was granted five extensions of time by the Court of Appeals for filing a brief, extending from July 14, 1966, to October 12, 1966, and allowed the final extension period to lapse without filing any brief or other pleading.
‘7. On November 15, 1966, the appellate court dismissed the appeal for want of prosecution.’
“The referee recommended that the Respondent be found guilty as charged in the Bar’s Complaint and particularly *706 that he be found guilty of a violation of Article XI, Rule 11.02(4), and Rule 11.-02(2), of the Integration Rule of the Florida Bar [32 F.S.A.] and Canon 44 of the Canons of Professional Ethics [32 F.S.A.]. The referee recommended that the Respondent be suspended from the practice of law in Florida for a period of one (1) year.
“The Board of Governors of The Florida Bar agrees with the recommendation of guilt as found by the referee. The Board is also aware of the Respondent’s current suspension by this Court, under Article 11.07(3). Said suspension is interlocutory in nature pending the final outcome of Respondent’s criminal appeal. With this before it, it was the Board’s determination that proof of rehabilitation should be added to the referee’s recommendation of discipline. Therefore, it is
“ORDERED AND ADJUDGED that the Respondent be found guilty and that he be suspended from the practice of law in Florida for one (1) year and thereafter until he shall demonstrate rehabilitation and that he pay the costs of these proceedings in the amount of $651.58.
“DONE AND ORDERED this 8th day of October, 1970.”
Our examination of the record satisfies us that the Judgment of the Board of Governors, which followed the recommendation of the Referee, is amply warranted. Respondent’s pattern of conduct in dealing with his clients, and in prosecuting their appeal, was inexcusable. Certain features of this case bear a striking resemblance to the situation in The Florida Bar v. Dingle, 220 So.2d 9 (Fla.1969) ; but here, unlike in that case, we find no palliating circumstances which would justify modification. The Judgment of the Board of Governors, in fact, is generous in its restraint.
The Judgment of the Board of Governors of The Florida Bar is approved, and respondent is hereby assessed for the costs recited therein.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.