# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01660-SCT

*TELEPHONE MAN, INC.*

*v.*

*HINDS COUNTY, MISSISSIPPI AND BOARD OF SUPERVISORS HINDS COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/07/1998 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | H. D. GRANBERRY, III |
| ATTORNEYS FOR APPELLEES: | RUMA HAQUE |
| | BEN J. PIAZZA, JR. |
| | SPENCE FLATGARD |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 08/02/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/23/2001 |

**EN BANC.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. Telephone Man, Inc. (TMI) petitioned the Circuit Court of the First Judicial District of Hinds County to set aside an agreed order requiring Hinds County to pay TMI $14,570.00 in settlement of a payment dispute. TMI claims that William H. Harrell, acting as its attorney, entered into the settlement agreement with Hinds County without TMI's knowledge or consent and forged another attorney's signature on the complaint and agreed order. Furthermore, TMI claims that Harrell engaged in these activities after having been disbarred.

¶2. The circuit court denied TMI's motion to set aside the agreed order finding that Hinds County had acted in good faith when it entered into the settlement agreement. From that ruling, TMI filed a timely appeal alleging that the trial court abused its discretion in refusing to set aside the agreed order which was forged by a disbarred attorney without the consent of his client.

## FACTS

¶3. In 1997, Hinds County accepted TMI's bid to install telephone wiring in county offices. During the course of the project, additional work was required which was not contemplated in TMI's original bid. An emergency work order was issued by the county administrator, and TMI completed the non-bid work.

¶4. TMI submitted invoices totaling $73,000.00 for the additional work which far exceeded the original bid of $12,999.00. A dispute arose as to the payment of the invoices. Because Hinds County was unable to

resolve the matter administratively, TMI retained an attorney.

¶5. TMI located William H. Harrell in the Yellow Pages and hired him to "handle the matter." No written contract was executed concerning this representation.

¶6. On May 15, 1998, Harrell filed suit on behalf of TMI, against Hinds County seeking $73,000.00 for the non-bid work performed by TMI. Three days later, on May 18, 1998, Harrell was disbarred by order of this Court, effective June 17, 1998. On May 26, 1998, Harrell filed an amended complaint with supporting documents. Harrell forged the signature of another attorney in his firm, Thomas Starling, on both complaints.

¶7. On July 7, 1998, Harrell again forged the signature of his colleague on an agreed order settling the case for $14,570.00. Hinds County issued a check in that amount made payable to TMI. Harrell fraudulently endorsed and deposited the check in his own account. In September of 1998, TMI discovered that Harrell had filed and settled a lawsuit on its behalf. TMI confronted Harrell, and he issued a check to TMI for $13,952.00 which was returned for non-sufficient funds. Harrell subsequently paid TMI $9,200.00 of the settlement amount.

¶8. On October 26, 1998, TMI moved to set aside the agreed order citing M.R.C.P. 60(b)(6) and arguing that the agreement was procured by forgery and fraud. Without holding an evidentiary hearing, the circuit court upheld the agreed order finding that Hinds County was dealing in good faith when it entered into the settlement agreement with Harrell.

## DISCUSSION

### I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO SET ASIDE THE AGREED ORDER WHICH WAS FORGED BY A DISBARRED ATTORNEY WITHOUT THE CONSENT OF THE CLIENT.

¶9. This Court will reverse the grant or denial of a M.R.C.P. 60(b) motion only upon a showing of abuse of discretion. *Moore v. Jacobs*, 752 So.2d 1013, 1015 (Miss. 1999). TMI argues that the refusal of the trial court to set aside the agreed order was an abuse of discretion "in light of the manifest fraud by which it was effected." TMI cites M.R.C.P. 60(b)(6) as the basis for setting aside the agreed order. Subsection (6) is a "catch-all" type provision that allows a judgment to be set aside for "any other reason justifying relief from the judgment." This Court has noted recently that "[r]elief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances," and that the Rule is a "grand reservoir of equitable power to do justice in a particular case." *Briney v. United States Fid. & Guar. Co.,* 714 So.2d 962, 966 (Miss. 1998).

¶10. The trial judge abused his discretion when he refused to set aside the agreed order. Surely if ever "extraordinary and compelling circumstances" existed to invoke the "grand reservoir of equitable power," housed in Rule 60(b)(6), TMI offers them today.

¶11. William J. Harrell, although not licensed to practice law in the State of Mississippi, continued to do so, going so far as to forge the signature of a licensed associate on settlement documents to disguise his ruse. It is uncontested that Harrell is guilty of forgery. *See **Dunson v. State,** *223 Miss. 551, 553, 78 So.2d 580, 581 (1955) (recognizing that the essential elements of forgery are (1) drafting a false instrument, (2) fraudulent intent, and (3) capability of instrument to effect fraud). Under Mississippi law, where a written contract is procured by fraud committed by one party on another, the defrauded party may come forward, show the true facts, and avoid the contract. ***Fornea v. Goodyear Yellow Pine Co.,***181 Miss. 50, 64,

178 So. 914, 918 (1938). This option is available to the defrauded party because no contract exists that is procured legal fraud. *Id*. *See also Allen v. Mac Tools, Inc.,* 671 So. 2d 636 (Miss. 1996) (holding that a contractual obligation obtained by fraudulent representation is voidable upon discovery of the underlying fraud if the wronged party acts promptly to repudiate the agreement). That fraud vitiates everything it touches is a well- founded, long- recognized principle of our law. *J.A. Fay & Egan Co. v. Louis Cohn & Bros.,* 158 Miss. 733, 740, 130 So. 290, 292 (1930). We have further held that rescission is an appropriate remedy for fraud. *Ezell v. Robbins,* 533 So.2d 457, 461 (Miss.1988).

¶12. Specifically, consent decrees may be set aside when the following circumstances exist:

> (1) the facts constituting the fraud, accident, (or) mistake or surprise must have been the controlling factors in effectuation of the original decree, without which the decree would not have been made as it was made. (2) The facts justifying the relief must be clearly and positively alleged as facts and must be clearly and convincingly proved. (3) The facts must not have been known to the injured party at the time of the original decree. (4) The ignorance thereof at the time must not have been the result of the want of reasonable care and diligence.

*Wray v. Langston,* 380 So.2d 1262, 1263 (Miss. 1980).

¶13. The facts of this case plainly fall under this rubric. Harrell's actions constituting fraud were clearly the controlling factors in effectuating the settlement agreement with Hinds County for an amount TMI considered unsatisfactory. TMI pled these facts at trial when requesting relief under Rule 60(b)(6). The facts surrounding Harrell's disbarment and subsequent fraudulent actions were not known by either of the principals involved. TMI tried unsuccessfully on numerous occasions to contact Harrell. TMI did contact Starling in September of 1998 after seeing his name on the agreed order instead of Harrell's. Only then did TMI discover the forgery and Harrell's disbarment. If this Court's paramount concern when called upon to interpret an agreement is to give effect to the intentions of the parties, We must reverse because TMI never intended to settle for the amount negotiated by Harrell. *Holloman v. Holloman,* 691 So.2d 897, 899 (Miss.1996).

¶14. Although an attorney who agrees to a judgment against his client is presumed to act with his client's consent and such judgment is ordinarily conclusive against the client, Harrell was not an attorney when the consent decree was negotiated or signed. Harrell's disbarment is a supervening factor. To endorse this contract as valid is to endorse the illegal practice of law.

¶15. No private contract can authorize the unauthorized practice of the law. *In re Battelle Mem'l Inst.,* 170 N.E.2d 774, 782 (Ohio Com. Pl. 1960)(rev'd on other grounds). *See also Herndon v. Lee,* 199 So.2d 74, 78 (Ala. 1967) (affirming injunction granted to candidate for elected office to enjoin placing the name of another candidate on general election ballot because the petition was not presented by an attorney to court); *Ramada Inns, Inc. v. Lane & Bird Advertising, Inc.*, 426 P.2d 395, 396-97 (Ariz. 1967) (finding defendant's answer defective because not signed by an attorney, following the position taken by the vast majority of jurisdictions); *Leonard v. Walsh*, 220 N.E.2d 57, 59 (Ill. App. Ct. 1966) (citing *Robb v. Smith*, 4 Ill. 46 (1841) (holding that no person can commence or maintain an action in a court of record as 'agent' for another unless he is a regularly licensed attorney)).

¶16. The practice of law is more than a mere privilege and is granted only upon fulfillment of certain rigid requirements established by this Court. Harrell is no longer granted that distinct honor in the State of

Mississippi. Because the settlement agreement was tainted by fraud and illegality based upon Harrell's participation, we must reverse the judgment of the circuit court and grant TMI relief under Rule 60(b)(6).

## CONCLUSION

¶17. The trial court erred in denying TMI's motion to set aside the agreed order. Because Harrell fraudulently entered into the settlement agreement under the guise of a licensed attorney, we reverse the judgment of the Circuit Court of the First Judicial District of Hinds County upholding the agreed order, and we remand this case for further proceedings consistent with this opinion.

¶18. **REVERSED AND REMANDED.**

**PITTMAN, C.J., McRAE, P.J., SMITH, WALLER AND EASLEY, JJ., CONCUR. COBB, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, J. BANKS, P.J., NOT PARTICIPATING.**

**COBB, JUSTICE, DISSENTING:**

¶19. I must respectfully dissent. The majority first restates our well-established standard of review that this Court will reverse the grant or denial of a M.R.C.P. 60(b) motion only upon a showing of abuse of discretion. *Moore v. Jacobs,* 752 So.2d 1013, 1015 (Miss. 1999); *Page v. Siemens Energy & Automation, Inc.,* 728 So.2d 1075, 1079 (Miss. 1998); *Sartain v. White,* 588 So.2d 204, 211 (Miss. 1991). But then its legal analysis fails to even mention the term "good faith" even though the circuit court's decision, which is being reversed for an abuse of discretion, was clearly based on the "good faith" of Hinds County.

¶20. TMI specifically cites Rule 60(b)(6) of the Mississippi Rules of Civil Procedure as the basis for setting aside the agreed order. Subsection (6) is a "catch-all" type provision that allows a judgment to be set aside for "any other reason justifying relief from the judgment." However, "[r]elief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances." *Briney v. United States Fid. & Guar. Co.,* 714 So.2d 962, 966 (Miss. 1998).

¶21. TMI relies primarily on *Briney*, a case in which a husband (putative) and wife were involved in an automobile accident and the wife was killed. *Briney*, 714 So.2d at 964. However, *Briney* is easily distinguishable from the case at hand.[(1)] In *Briney*, the recipient of the money had no legal right to the money it had already been awarded. In the instant case, TMI is claiming a right to money that is not in its possession and to which it may or may not have a legal right. The focus of such an inquiry should not be merely whether there are any other avenues of relief available under Rule 60(b) but whether such extraordinary relief is in fact justified.

¶22. This Court has held that "an attorney agreeing to a judgment against his client is presumed to act with his client's consent and such judgment is ordinarily conclusive against the client." *Hurst v. Gulf States Creosoting Co.* 163 Miss 512, 141 So. 346, 348 (1932), *cited in Craft v. Burrow*, 228 Miss.664, 89 So.2d 722, 726 (1956). It is uncontroverted that TMI hired Harrell to represent it in its dispute with the County. TMI instructed Harrell to conduct the negotiations, and Hinds County negotiated in good faith with only Harrell in this matter. Hinds County also acted in good faith by promptly tendering payment once the agreed order was finalized. After it learned of the settlement, TMI confronted Harrell seeking payment from him of the funds he received from Hinds County. The majority declares that TMI never intended to settle

for the amount negotiated by Harrell, but that statement is contradicted by the fact that TMI ultimately received from Harrell $9,200 of the $14,570 remitted by the County. Thus, the evidence clearly shows that Harrell was authorized to act on TMI's behalf and that TMI benefitted from his work. TMI did not seek to vacate the agreed order until it realized it would be unable to procure the remaining funds from Harrell.

¶23. Certainly, TMI was in a much better position to ascertain any problems with its attorney than was Hinds County. TMI's failure to inquire into the status of its case until six months after the representation began (two months after the agreed order) contributed substantially to its predicament. As a result, the remedy in this case would be an action by TMI against Harrell and not against Hinds County. The majority somehow concludes that affirming the circuit court would endorse the unlawful practice of law. The majority misses the irony of its statement in that its decision would actually encourage the very practice it seeks to prevent because the party that is punished would be an innocent party who has acted in good faith. Rule 60(b)(6) is not meant to provide relief where one party, such as TMI, simply does not like the avenue of relief available to it. The trial judge did not abuse his discretion nor commit manifest error in finding that Hinds County acted in good faith and in denying TMI's Rule 60(b)(6) motion to vacate the agreed order. Accordingly, the circuit court's judgment should be affirmed.

### MILLS, J., JOINS THIS OPINION.

1. In *Briney*, the husband was paid death benefits as the surviving spouse by the workers' compensation insurer of their mutual employer. The husband also filed a separate claim related to the accident seeking damages for his personal injuries and the wrongful death of his wife. Subsequently, it was determined that the deceased wife was never legally married to the husband and that her mother, father, and siblings were her rightful heirs. Her mother, as successor administratrix, moved to vacate an earlier circuit court order involving death benefits paid to the putative husband from proceeds rightfully belonging to the wife's estate. The *Briney* trial court did not try the case on the merits but found that Rule 60(b) of the Mississippi Rules of Civil Procedure was controlling. However, *relief was denied on the basis that the motion was not timely filed.* This Court reversed and remanded, noting the absence of any dispute that Rule 60(b)(6) was the only available avenue of relief because the other five clauses of the Rule were facially inapplicable, and ruling that the successor administratrix did not have standing to challenge the order until her appointment as successor administratrix and that she promptly and timely filed eleven days thereafter. 714 So.2d at 969.