GRIFFIS, J.,
for the Court.
¶ 1. Thomas L. Franklin appeals from a judgment of the County Court of Harrison County that declared Franklin owed, BSL, Inc., Casino Magic Bay St. Louis, the sum of $37,500, under the terms of an agreed settlement agreement. On appeal, the circuit court affirmed the county court’s order in part and reversed and rendered in part. Franklin now appeals to this Court and argues that: (1) the county court erred by not granting a stay or extending the time frame for payment when it entered its amended judgment, (2) the county court erred in not requiring that Franklin sign the agreed judgment because he was still acting pro se, and (3) the circuit court erred by not striking the appellee’s brief as being untimely filed and treating this as a confession of error. We find no error and affirm.
FACTS
¶ 2. BSL sued Franklin in the County Court of Harrison County for the collection of four checks, also known as markers, Franklin wrote to BSL totaling $30,000. BSL also claimed that Franklin owed $7,500 in attorney’s fees, under the terms of the BSL credit agreement.
¶ 3. Franklin, proceeding pro se, answered this complaint and filed a counterclaim. The parties proceeded with discovery. Subsequently, Walter Teel, an attorney, stood in for Franklin at a hearing. Teel negotiated a settlement with BSL, and this settlement was dictated into the record before the county court.
¶ 4. BSL’s attorneys drafted a settlement agreement. Teel signed the agreement, on behalf of Franklin. On November 5, 2004, the county court entered this agreed judgment in the amount of $37,500 plus interest at a rate of eight percent per annum. The agreement provided that Franklin could pay BSL the lesser amount of $10,000 if he paid $5,000 by November 15, 2004, and then $1,000 on December 15, January 15, February 15, March 15, and April 15. The agreement provided that Franklin would be in default if he missed any of these payment dates, and he would then owe the full amount due.
¶ 5. Franklin never made any of the scheduled payments. Instead, he filed for relief from judgment on the same day the judgment was entered. Specifically, Franklin challenged the language of the order saying that the order should read that all claims against him are dismissed *1052 with prejudice. Franklin never challenged the payment schedule or the amount owed. The county court heard argument from both parties and, later, sent both parties a letter asking that the order be amended to conform to the language previously dictated into the record. The county court judge was not satisfied with the amended judgments submitted by the parties and entered his own amended judgment.
¶ 6. Subsequently, BSL filed a petition for declaratory relief to determine if the amended judgment would follow the original judgment’s payment schedule. BSL argued that Franklin owed the full amount of the judgment because he had not met any of the payment deadlines. The county court entered an order that withdrew the amended agreement, reinstated the original agreement, and found that Franklin owed $37,500 plus interest because he did not make any of the scheduled payments.
¶ 7. On appeal to the circuit court, the circuit court judge reversed and rendered in part[1] and affirmed in part the county court order. The circuit judge found that the agreed order was a valid judgment, and BSL could execute on the judgment for the amount of $37,500 plus interest because Franklin had not made any of the scheduled payment.
ANALYSIS

I. Did the county court err by not extending the time frame for payment when it entered its amended judgment?

¶ 8. Franklin argues that the county court erred by not modifying the payment schedule after it altered the language of the settlement agreement. We find no merit to this issue.
¶ 9. Franklin did not ask, by way of his motion, the court to stay execution of the judgment under Mississippi Rule of Civil Procedure 62(b). Instead, Franklin filed a motion for relief from judgment under Mississippi Rule of Civil Procedure 60(b). During the hearing, Franklin stated that he did not challenge the amount owed or the payment schedule in the settlement agreement.
¶ 10. Mississippi Rule of Civil Procedure 62(b) states: “In its discretion and on such conditions for security of the adverse party as are proper, the court may stay the execution of ... a judgment pending the disposition of a ... motion for relief from a judgment or order made pursuant to Rule 60(b).... ” Mississippi Rule of Civil Procedure 60(b) states that “[a] motion under this subdivision does not affect the finality of a judgment or suspend its operation.” The comment to this rule states, “a Rule 60(b) motion does not operate as a stay or supersedeas-” M.R.C.P. 60(b) cmt.
¶ 11. Under Rule 62(b), it was within the county court’s discretion to stay the execution of the judgment. However, Franklin did not ask for this relief. Instead, Franklin asked for relief from the judgment. Since the payment schedule in the original agreed order was agreed upon and valid, we cannot find that the county court was in error for not granting Franklin the relief requested. Indeed, based on his agreement, Franklin owed BSL $37,500 when he did not pay BSL $5,000 on November 15, 2004. We find no error on this issue.

II. Did the county court err by not requiring that Franklin sign the agreed judgment ?

*1053 ¶ 12. Franklin next argues that the county court erred when it did not require that he sign the agreed judgment instead of Teel. Franklin admitted, in his motion for relief from judgment and during the numerous hearings that followed the settlement agreement, that he authorized Teel to negotiate and enter into a settlement with BSL.
¶ 13. The record also reveals that Franklin specifically wanted the settlement agreement to state that all claims against him were dismissed with prejudice. After a representative for BSL dictated the terms of the agreement into the record, Teel stated, “I don’t think you quite mentioned it but, of course, the original Complaint against Franklin will be dismissed with prejudice also.” The original settlement agreement entered by the county court did not dismiss the complaint against Franklin with prejudice, but it did have a release upon a full payment under the terms of the agreement. Teel signed this settlement agreement on behalf of Franklin.
¶ 14. The Mississippi Supreme Court has previously stated that, “[a] relationship of client and lawyer arises when: (l)[a] person manifests to a lawyer the person’s intent that the lawyer provide legal services for the person; and (2)(a) [t]he lawyer manifests to the person consent to do so.... ” Singleton v. Stegall, 580 So.2d 1242, 1244 n. 2 (Miss.1991) (quoting The American Law Institute’s Restatement Of The Law: The Law Governing Lawyers § 26 (Prelim. Draft No. 6, July 25,1990)). Thus, we find that Teel was acting as Franklin’s attorney when he signed the settlement agreement due to the fact that Franklin asked Tell to settle the matter, and Teel consented.
¶ 15. Having established that Teel was acting as Franklin’s lawyer, we must now examine the extent of Teel’s authority. During a hearing held after the agreement was entered, Franklin called Teel to testify, and Teel stated:
We settled the case, dictated it into the record. I thought we were settling on basically the same terms. After that you — when I told you we had settled the case, you were not happy — you were okay with the $10,000, you were not happy with some of the terminology.... It was minor. At least I thought it was minor, but you thought it was more important.
In Craft v. Burrow, 228 Miss. 664, 672, 89 So.2d 722, 725 (1956), our supreme court adopted the Corpus Juris Secundum rule regarding the authority of an attorney to settle a case on behalf of his or her client. The court stated:
Although some sufficient grant of authority is essential, an attorney employed to represent a party in litigation may usually confess, or consent to, judgment against his client if he has been expressly authorized to do so; and, according to many decisions, he has, merely by reason of his employment, the implied or apparent authority to take such action if he acts in good faith and without fraud or collusion, even in inferi- or courts not courts of record, and even though the judgment is based on, or is in effect, a compromise or settlement of the client’s rights or cause of action, unless there is fraud or a violation of the express instructions or wishes of the client to the knowledge of the adverse party or his counsel.
Id. (quoting 7 C.J.S., Attorney and Client, § 86).
If 16. Franklin does not allege any fraud on the part of BSL or Teel. Furthermore, there is no evidence in the record that BSL knew that the entry of the settlement agreement, as written, was against the *1054 express instructions or wishes of Franklin. Therefore, we find that Franklin is bound by the settlement agreement even though he did not sign it.

III. Did the circuit court err by not striking BSL’s brief as being untimely filed and treating this as a confession of error?

¶ 17. Next, Franklin argues that the circuit court erred when it did not strike BSL’s brief as being untimely filed. Mississippi Rule of Appellate Procedure 81(b) states that “[t]he appellee shall serve and file the appellee’s brief within 30 days after service of the brief of the appellant.” Mississippi Rule of Appellate Procedure 31(d) states that “[i]f an appellee fails to file the appellee’s brief as required, such brief, if later filed, may be stricken from the record on motion of appellant....”
¶ 18. Franklin’s brief was filed on October 17, 2006, and BSL’s motion for extension of time was filed on November 16,
2006. On February 14, 2007, the circuit judge granted BSL’s motion and gave it twenty more days to file its brief. BSL filed its brief on March 6, 2007.
¶ 19. BSL filed its motion for an extension of time within the thirty-day time limit prescribed by Rule 31. Furthermore, the circuit judge consented to a further extension when she granted BSL a twenty-day extension on February 14, 2007. The circuit court granted BSL an extension through March 6, 2007, because March 5, 2007, was a Sunday. Mississippi Rule of Appellate Procedure 26(a) provides that when one is computing the time that a brief is due “[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday. ...” Thus, we find no error in the circuit court allowing BSL to file its brief on March 6, 2007, and to not strike the brief as untimely.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. The circuit judge held that the county court did not have jurisdiction to enter the amended judgment on January 20, 2005, because Franklin had already filed a notice of appeal.