# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CP-00451-SCT

*ROBERT W. STRATTON, SR.*

*v.*

*JERRY McKEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/28/2022 |
| TRIAL JUDGE: | HON. DEBRA W. BLACKWELL |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT W. STRATTON, SR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | JERRY McKEY (PRO SE) |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 03/07/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. Robert Stratton's crusade to recover his 1949 International KB 3/4-ton truck returns to the Court for a third visit. The latest installment of his trinity of appeals occurs after Stratton discovered that his truck had not, in fact, been destroyed at a salvage yard but was instead found in Brookhaven, Mississippi. After prevailing in his 2010 and 2017 cases, in 2021, Stratton filed a motion to vacate his victory from 2017 in the Amite County Circuit Court. In the trial court's denial of the motion, it reaffirmed Stratton's right to the truck and to the damages he had previously won and absolved him of any debt to Jerry McKey. Stratton now appeals that denial.

## FACTS

¶2. In 2006, Robert Stratton dropped off his classic truck at John Shivers's repair shop. Stratton left it there for years. In 2009, Stratton discovered that Jerry McKey had purchased that shop from Shivers. When Stratton found out about the sale of the business, he went and requested his truck from McKey. McKey told Stratton he would give it back, but only if Stratton paid him storage fees. Thus began the saga of the 1949 International KB 3/4-ton truck.

¶3. After refusing to pay McKey the storage fees, Stratton filed suit for replevin in November 2010. The Amite County Circuit Court found that Stratton was entitled to possession of the truck but that McKey was entitled to $880 in storage fees. Stratton appealed. Ultimately, we held that Stratton was entitled to possession and that it was a due process violation to award the damages to McKey because he did not file a responsive pleading asserting a claim for them. *Stratton v. McKey (Stratton I)*, 204 So. 3d 1245, 1250 (Miss. 2016).

¶4. In February 2017, Stratton returned to circuit court and filed a motion for contempt against McKey, claiming that, despite the court's ruling, McKey still had not returned his truck. The circuit court ruled that Stratton was entitled to immediate possession of the truck.

¶5. The next month, in March 2017, Stratton filed a new complaint against McKey for damages related to the delay in returning the truck. McKey answered and counterclaimed for the storage fees. During these proceedings, McKey told the court that he had already sold the truck to Wayne Wallace for $400. Wallace testified that he determined the cost to restore

2

the truck would outweigh the value of the truck, so he sold it to a salvage yard, where it was scrapped. Stratton called Shivers as an expert witness to testify on antique car values. He testified that the truck was worth between $1200 and $1500 at the time he sold his business to McKey. The circuit court determined that Stratton should be awarded $1350, representing the value of the truck, and McKey should be awarded $1000 in storage fees. Stratton again appealed. We affirmed in part and reversed in part, holding that the valuation was reasonable, that the court did not err by failing to punish McKey for selling the truck, but that McKey's counterclaim for storage fees was time barred, being seven years after the statute of limitations had run. **Stratton v. McKey (Stratton II)**, 298 So. 3d 999, 1006 (Miss. 2020).

¶6. In April 2021, Stratton was in Brookhaven and happened to be near Wallace's place of business. Out in front of the business, much to his surprise, he saw his 1949 International KB 3/4-ton truck. It had not been crushed; in fact, it had been restored. Stratton went to Lincoln County Circuit Court seeking a preliminary injunction preventing Wallace from selling the truck. After a hearing, the court granted his request. He also filed a motion to vacate judgment in the Amite County Circuit Court. He sought to have the 2017 circuit court judgment and the 2020 Supreme Court judgment vacated under Mississippi Rule of Civil Procedure 60(b)(6). The circuit court denied the motion to vacate and the subsequent motion to reconsider. In its January 2022 Order Denying Motion to Vacate Judgment, the court wrote: "It is, therefore, ordered that the plaintiff is entitled to immediate possession of the truck and judgment as previously ordered against Jerry McKey in the amount of One Thousand Three Hundred And Fifty Dollars ($1,350.00) in damages. It is further ordered

that the plaintiff does not owe any storage fees to the defendant." As it stands, Stratton is entitled to the truck and damages, and he owes McKey nothing.

¶7. Stratton appeals the denial of his motion to vacate, and raises two issues on appeal:

1. Did the circuit court abuse its discretion by not vacating the decision in *Stratton II*, based upon fraud on the court by McKey illegally selling a vintage truck pending appeal and he and the putative buyer testifying falsely of its value, condition, and that it had been crushed?

2. Did the court abuse its discretion by failing to consider that the judgment was no longer equitable or applicable in that the judgment would have no prospective application since the vintage truck was now in existence?

**STANDARD OF REVIEW**

¶8. We review a court's ruling on a Rule 60(b) motion to vacate judgment for abuse of discretion. *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984) (citing *Clarke v. Burkle*, 570 F.2d 824 (5th Cir. 1978)). "When ruling on such motions a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation." *Id.* (citing *House v. Sec'y of Health & Hum. Servs.*, 688 F.2d 7 (2d Cir. 1982)).

**ANALYSIS**

¶9. McKey failed to file an appellee's brief. The Court has established two options for proceeding under such circumstances. *Stratton II*, 298 So. 3d at 1003 (¶ 11). If the "record is voluminous or complicated and the appellant's thorough treatment of the issues in the brief makes out 'an apparent case of error'" then we should assume the appellant's brief is true and reverse. *Id.* (quoting *Miller v. Pannell*, 815 So. 2d 1117, 1119 (¶ 7) (Miss. 2002)). However, when the examination of the record shows a "sound and unmistakable basis or

4

ground upon which the judgment may be safely affirmed[,]" we may affirm. *Miller*, 815 So. 2d at 1119 (¶ 7) (internal quotation marks omitted) (quoting *May v. May*, 297 So. 2d 912, 913 (Miss. 1974)). The record in the case *sub judice* is not voluminous, and the issues are not complicated; therefore, we may proceed with the latter option.

¶10. Reversing a denial of a motion to vacate judgment under Mississippi Rule of Civil Procedure 60(b)(6) is a very high bar. The Court has held that "'[r]elief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances,' and that the Rule is a 'grand reservoir of equitable power to do justice in a particular case.'" *M.A.S. v. Miss. Dep't of Hum. Servs.*, 842 So. 2d 527, 530 (¶ 12) (Miss. 2003) (alteration in original) (quoting *Briney v. U.S. Fid. & Guar. Co.*, 714 So. 2d 962, 966 (¶ 12) (Miss. 1998)). "Subsection (6) is a 'catch-all' type provision that allows a judgment to be set aside for 'any other reason justifying relief from the judgment.'" *Tel. Man, Inc. v. Hinds Cnty.*, 791 So. 2d 208, 210 (¶ 9) (Miss. 2001).

¶11. In *Carpenter v. Berry*, 58 So. 3d 1158, 1162 (¶ 18) (Miss. 2011), the Court delineated the factors that a trial court should consider when ruling on a motion under Rule 60(b)(6). The factors listed are,

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) [relevant only to default judgments]; (6) whether if the judgment was rendered after a trial on the merits-the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

5

*Id.* (alteration in original) (quoting *M.A.S.*, 842 So. 2d at 530 (¶ 16)).

¶12.   "[T]he finality of judgments is one of the central pillars of our legal system[.]" *Mitchell v. Moore*, 237 So. 3d 681, 689-90 (¶ 53) (Miss. 2017).  To ensure consistency and predictability under the law, it is important that the public can rely on court judgments to be final illustrations of the law.  Disturbing final judgments—whether by Rule 60 or on appeal—should be the rare exception.  The events underlying the case *sub judice* began seventeen years ago.  The trial court awarded Stratton possession of his truck in 2010.  The Court affirmed the ruling in *Stratton I*, 204 So. 3d at 1249 (¶ 11).  The trial court awarded Stratton damages in 2017.  The Court affirmed the ruling in *Stratton II*, 298 So. 3d at 1004 (¶ 16).  Yet Stratton still seeks to disturb the judgment of the trial court.  Upholding the finality of the judgment and bringing an end to litigation weighs in favor of McKey.

¶13.   Stratton presented new evidence and new arguments in his motion and did not merely claim the trial court erred.  The Court does "not consider arguments raised for the first time on appeal." *Bay Point Props., Inc. v. Miss. Transp. Comm'n*, 201 So. 3d 1046, 1055 (¶ 18) (Miss. 2016) (citing *Anderson v. LaVere*, 136 So. 3d 404, 410 (¶ 27) (Miss. 2014)).  Therefore, the trial court was the only proper place for Stratton to present the arguments, and he was not merely attempting to substitute the Rule 60 motion for his appeal.

¶14.   The third factor instructs that the trial court should use Rule 60 to achieve substantial justice.  Examples of substantial justice justifying application of Rule 60 as upheld by the Court include: DNA evidence determining the court forced the wrong person to pay child support, *M.A.S.*, 842 So. 2d at 531 (¶ 18), preventing the same damages from being awarded

6

twice, creating double recovery, ***R. K. v. J. K.,*** 946 So. 2d 764, 777 (¶ 37) (Miss. 2007),[1] and preventing enforcement of a settlement agreement that was forged by a disbarred attorney without the knowledge of his client. ***Tel. Man Inc.***, 791 So. 2d at 210 (¶ 10). Each time the Court has upheld a trial court's grant of a Rule 60(b)(6) motion, manifest injustice had occurred, and there was substantial need for intervention by the court. What justice does Stratton seek? The trial court awarded him possession of the truck and damages. There would be no substantial justice achieved by vacating the judgment, and the third factor weighs heavily on the side of not granting the motion.

¶15.    Motions filed under Rule 60(b)(1), (2), and (3) must be made "not more than six months after the judgment . . . was entered[.]" M.R.C.P. 60(b). Motions under subsections (4), (5), and (6) must be made "within a reasonable time[.]" *Id*. The trial court did not find that Stratton's motion was filed outside a reasonable time and untimely under the rule. It should be noted, however, that the Court has held that "[r]elief under Rule 60(b)(6) '*must be based on some other reason than the first five clauses*, and it must be some ground which will justify relief from the final judgment.'" ***Moore v. Jacobs***, 752 So. 2d 1013, 1016 (¶ 13) (Miss. 1999) (quoting ***Bryant, Inc. v. Walters***, 493 So. 2d 933, 939 (Miss. 1986)). To hold otherwise would allow movants to cloak their "subsection (1) and (3) claims as a subsection (6) claim." ***Id.*** at 1017 (¶ 14). The final judgment Stratton sought to vacate was entered more than six months prior to his motion, therefore subsections (1), (2), and (3) were unavailable to him.

---

[1]The application of the rule was held valid pending the outcome of a decision of the United States Court of Appeals for the Fifth Circuit.

¶16.    Rule 60(b)(1) allows relief based on "fraud, misrepresentation, or other misconduct of an adverse party." The Court has held that "[c]laims of perjury constitute 'fraud, misrepresentation, or other misconduct of an adverse party' under Rule 60(b)(1)[.]" **Moore**, 752 So. 2d 1016 (¶ 14). One of Stratton's grounds for his first argument is that fraud was perpetrated upon the court by the perjury of Wayne Wallace. The argument falls squarely under Rule 60(b)(1), and, when properly classified as such, is untimely.

¶17.    Rule 60(b)(3) allows relief based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.]" The other part of Stratton's argument is that the certificate of title from the Mississippi Department of Revenue shows the sale price was $3000 instead of the $400 that was testified to at trial. The trial court correctly found that the new evidence from the bill of sale was previously available and therefore did not represent grounds for relief under Rule 60. Even if the evidence had been unavailable at the time of a Rule 59(b) motion, the motion was beyond the six-month threshold and, therefore, was untimely.

¶18.    Stratton had ample opportunity to present his claim—so much so that he *won the case*. The trial court allowed multiple hearings and carefully considered all of Stratton's motions. There are no intervening equities that made awarding Stratton the truck and damages inequitable.

¶19.    An evaluation of the factors that a trial court must consider in ruling on a Rule 60(b)(6) motion weighs heavily in the favor of McKey. It does not approach an abuse of

discretion by the trial court. Stratton's first argument on appeal fails, and the trial court did not err by denying to grant Stratton's motion to vacate based on Rule 60(b)(6).

¶20. Stratton's second argument asks if the judgment is "no longer equitable or applicable in that the judgment would have no prospective application since the vintage truck [is] now in existence?" The judgment in question awarded Stratton $1350. The award was based on the value of the truck because the court heard testimony that the truck was destroyed. If any inequity was to be found in the judgment, it would be that Stratton has been awarded both the truck and the value of the truck. However, because the trial court was aware of the potential double award at the time it denied the motion to vacate and because the initial complaint requested damages based on multiple claims, we hold that the decision remains within the discretion of the trial court and, therefore, the Court leaves its judgment undisturbed.

## CONCLUSION

¶21. As it stands, Stratton is entitled to immediate possession of his truck and $1350 in damages, and he owes McKey no storage fees. The trial court's denial of Stratton's Rule 60 motion to vacate judgment is affirmed.

¶22. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**